IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

UNITED STATES OF AMERICA    )
    )
v.    )    Case No. 1:25-CR-41-MR
    )
ROBERT EARL HUTCHINSON    )

**Response to the Defendant's *Motion in Limine* (Doc. 30)**

The Defendant seeks to exclude several items of evidence from his trial. Specifically, (1) conversations between Edith and Jim McCall, (2) autopsy photographs, and (3) any reference to the Defendant being or acting as a "drug dealer."

As a preliminary matter, the Government does not intent to use photographs of Ms. McCall's body at autopsy and therefore the Court should deny that request as moot. As to the balance of the Defendant's requests, the Government responds in turn.

### I.    Conversations between Edith and Jim McCall

The Government previously gave *Notice* that "Mr. McCall knew from conversations with his wife during [his time in Gastonia] that the Defendant continued to sell her fentanyl." *Notice of Intent to Introduce Evidence Pursuant to Rule 404(b)*, Doc. 27 at p. 2. Some of the statements Ms. McCall made to her husband identifying the Defendant as her drug dealer are likely inadmissible hearsay.

However, certain conversations between Mr. McCall and his late wife may be subject to an exception to the general hearsay rule. For example, statements may be offered as evidence of her then-existing state of mind by showing her plan and intent. Such testimony would be admissible under Rule 803(3). Other statements offered by the Government to explain why Mr. McCall returned home would go to show effect on the listener and detail his course of conduct. That use would not be hearsay at all.

Accordingly, the Defendant's request for a blanket *Order* excluding this testimony is premature. Applicability of the hearsay rules may vary sentence-by-sentence. The Government requests that the Court rule on specific objections to testimony offered at trial in lieu of a pretrial *Order in Limine*.

## II.    References to the Defendant as a "drug dealer"

On several occasions, the Defendant gave Ms. McCall a baggie containing fentanyl in exchange for money. The most conservative reading of that statement would cause anyone to conclude that the Defendant was Ms. McCall's drug dealer.

The Defendant's filing misses the mark on what the Government's intent is. There is no plan to elicit opinion testimony that the Defendant is a drug dealer at large in the community. Further, the Government would run afoul of Rule 404(b) by asking the jury to conclude that, because the Defendant sold Ms. McCall fentanyl in the past, they should conclude that he is a drug dealer and find him guilty on the basis that he is a drug dealer.

Instead, the Government's premise is a simple one: Ms. McCall obtained her fentanyl from one source, namely, the Defendant. Combined with other evidence and testimony, the Government will ask the jury to conclude that the fentanyl both found at the scene of her death, and present in her blood, came from the Defendant.

If relevant, a witness may properly testify that he has personally purchased drugs from a defendant or, on a specific occasion, knows the defendant acted as drug dealer. Opinion testimony that a defendant *is* a drug dealer is different from personal knowledge of a defendant acting as a drug dealer. The former is a label, while the latter is an observation.

The Defendant argues that "labeling someone a 'drug dealer' is just shorthand for a person who regularly sells drugs on a continuous basis." *Motion*, Doc. 30 at p. 30. In a sense, that is accurate. The term "drug dealer" can be used by law enforcement and prosecution to run afoul of the rules of trial by gratuitously labeling a defendant as such. But the term is also standard vernacular employed by drug users to describe where they obtain their product. Here, Mr. McCall has personal knowledge of the one person who acted as Ms. McCall's drug dealer in the days and hours preceding her death. Such a description does not urge propensity evidence, but instead, identifies a source of supply.

The Defendant is charged with a specific intent crime where the Government must prove that he possessed fentanyl with the intent to distribute it. Statements from

3

certain witnesses that the Defendant acted as a drug dealer are relevant to the jury understanding his actions. The Government certainly understands the point that the Defendant is trying to make and intends to limit the use of potentially dangerous rhetoric when not necessary. However, the trial requires use of the term "drug dealer" to describe specific actions of the Defendant, and so his *Motion* should be denied.

Respectfully submitted this 27th day of April 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

Alex M. Scott, Kansas Bar No. 25490
Assistant United States Attorney
100 Otis Street, Room 233
Asheville, North Carolina 28801
(828) 271-4661
alex.scott@usdoj.gov

4